NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

Azam AHMED, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 05–4569–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2007.

Salim Sheikh, New York, NY, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, Michael J. Gustafson, Assistant United States Attorney, Sandra Glover, Assistant United States Attorney, New Haven, CT, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Azam Ahmed, a citizen of Bangladesh, seeks review of an August 4, 2005, order of the BIA, reopening his immigration proceedings after a stipulated remand from this Court and affirming the June 25, 1999, decision of Immigration Judge ("IJ") Sarah Burr denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Azam Ahmed,* No. A73 613 456 (B.I.A. Aug. 4, 2005), *aff'g* No. A73 613 456 (Immig. Ct. N.Y. City June 25, 1999). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Where the BIA issues an independent decision on remand from this Court, and does not adopt the decision of the IJ, this Court reviews the decision of the BIA alone. *Belortaja v. Gonzales,* 484 F.3d 619, 622–23 (2d Cir.2007). However, where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility de-

terminations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007).

■ Concerning the scope of the BIA's authority on remand, because the Petitioner's original appeal was filed prior to September 25, 2002, the BIA was authorized to review all aspects of the IJ's decision—including the IJ's factual determinations—*de novo* on remand. *See Belortaja*, 484 F.3d at 624 n. 3 (citing 8 C.F.R. § 1003.3(f)). Additionally, although the BIA cited to inconsistencies neither relied on nor noted by the IJ in her oral decision, "the BIA was free to reach a factual conclusion different than that reached by the IJ on the basis of the existing record." *Id.* at 624; *see also Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (stating that the BIA is free to rely on inconsistencies not mentioned by the IJ if such inconsistences are "self-evident" from the record). Finally, the stipulation signed by the parties explicitly stated that nothing in the stipulation would limit the BIA's authority to deny the relief sought on any appropriate ground including "lack of credibility."

■ As to both the BIA's and IJ's specific findings regarding the Petitioner's inconsistent testimony, each was supported by the record. Ahmed testified inconsistently regarding whether he had mailed a letter to his lawyer, the number of demonstrators at the August 1993 procession, the number of Bangladesh Nationalist Party ("BNP") members involved in the March 1991 attack, the date he obtained his passport, and the deal struck by his father when he allegedly paid a bribe while Ahmed was in jail. The IJ's implausibility

determination regarding Ahmed's testimony that he had applied for a passport subsequent to his Bangladesh conviction was not merely "bald speculation," but a reasonable inference "viewed in light of common sense and ordinary experience." *See Siewe v. Gonzales*, 480 F.3d 160, 168–169 (2d Cir.2007). As to Petitioner's contention that his inconsistent testimony concerned facts not central to his claim, *see Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003), "an IJ need not consider the centrality *vel non* of each individual discrepancy or omission before using it as the basis for an adverse credibility determination," *Liang Chen v. United States Atty. Gen.*, 454 F.3d 103, 106 (2d Cir.2006); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006). Here, in light of the several inconsistent statements and the IJ's implausibility finding, the IJ's and the BIA's overall credibility determinations were supported by substantial evidence.

■ Having called into question the credibility of his testimony, the BIA and IJ properly determined that Ahmed was required to present sufficient evidence to carry his burden and, implicitly, to overcome any negative inference as to his credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Ahmed proffered evidence that he was sentenced in *absentia* to seven years imprisonment. However, the BIA reasonably determined that this evidence was entitled to little if any weight because the documents were not authenticated. *See id.* at 342 (stating that the weight afforded a particular piece of evidence "lie[s] largely" within the discretion of the IJ); *but see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404–05 (2d Cir.2005)(remanding where the IJ refused to *admit* unauthenticated documents). Moreover, Ahmed was afforded ample notice of the need to authenticate. Any error in the IJ's refusal to admit the documents would be harmless because the IJ nevertheless considered the

weight that should be afforded the documents, if admitted. Accordingly, the BIA's determination that Petitioner's evidence did not suffice to carry his burden in light of his questionable testimony was supported by substantial evidence.

■ Petitioner argues, however, that apart from one credibility finding going to past persecution, he has established a well-founded fear of future persecution, see *Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006), based on uncontroverted facts (his membership in the Jatiya party). But this claim is defeated by changed country conditions. According to the 2001 through 2003 Country Reports, the BNP regained power; however, they also reflect that BNP has allied itself with Ahmed's Jatiya Party; and the reports do not indicate—and Petitioner has provided no additional evidence—that Jatiya Party members continue to be persecuted. The burden of showing a well-founded fear of future persecution, in the absence of a showing of past persecution, rests on the asylum-seeker. Ahmed has not met that burden.

■ Because Petitioner failed to meet the lesser burden of establishing eligibility for asylum, the IJ and BIA properly concluded that he had failed to establish his eligibility for withholding of removal. *Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003). Finally, as to his CAT claim, Petitioner failed to adequately raise that claim in his petitioner's brief, and, therefore, we deem the claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).